# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES,<br><br>                     Plaintiff,<br>vs.<br><br>H.S.B.C. (USA),<br><br>                     Defendant. | CASE NO. 11-cv-2939-MMA (NLS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 6] |

On December 19, 2011, Plaintiff Charles Jones, proceeding *pro se*, filed the instant action against Defendant H.S.B.C. [Doc. No. 1] regarding property located at 3427 Herbert Street, San Diego, CA 92103. Plaintiff did not pay the required filing fee, but instead submitted a motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] Plaintiff also filed a motion to appoint counsel. [Doc. No. 3.] On December 20, 2011, the Court denied Plaintiff's motion to proceed IFP and denied his motion to appoint counsel as moot. [Doc. No. 3.] On January 3, 2012, Plaintiff paid the $350 filing fee [Doc. No. 5] and filed the pending *ex parte* motion for a temporary restraining order ("TRO") seeking to enjoin Defendant from evicting him from the property. [Doc. No. 6.]

## LEGAL STANDARD

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of

1  success on the merits and the possibility of irreparable harm, or (2) that serious questions going to
2  the merits are raised and the balance of hardships tips sharply in favor of the moving party."
3  *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, 2006 U.S. Dist.
4  LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A.
5  County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)).  "[T]hese two formulations
6  represent two points on a sliding scale in which the required degree of irreparable harm increases
7  as the probability of success decreases."  *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*,
8  448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  The underlying purpose of a TRO is to
9  preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may
10 be held.  *Granny Goose Foods*, 415 U.S. at 439 (1974); *see also Reno Air Racing Ass'n v.
11 McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

12       Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without
13 notice to the adverse party in limited circumstances where "specific facts in an affidavit or a
14 verified complaint clearly show that immediate and irreparable injury, loss, or damage will result
15 to the movant . . . ."  FED. R. CIV. P. 65(b)(1)(A).  The movant must also certify in writing any
16 efforts made to give notice and the reasons why it should not be required.  FED. R. CIV. P.
17 65(b)(1)(B).  Although the restrictions imposed are stringent, they "reflect the fact that our entire
18 jurisprudence runs counter to the notion of court action taken before reasonable notice and an
19 opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Foods, Inc. v.
20 Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

21                                    **DISCUSSION**

22       Plaintiff seeks a temporary restraining order preventing Defendant from evicting him from
23 his home but fails to satisfy the requirements necessary to obtain a TRO.  As an initial matter,
24 Plaintiff has not certified in writing any efforts made to put Defendant on notice of his *ex parte*
25 motion for a TRO, nor has he offered any reason why notice should not be required as required by
26 Federal Rule of Civil Procedure 65(b)(1)(B).  Instead, Plaintiff asserts that the Court should hear
27 his motion *ex-parte* because he will suffer immediate and irreparable injury since H.S.B.C. has
28

1  initiated eviction proceedings against him.  Courts have recognized very few circumstances
2  justifying the issuance of a TRO without notice, particularly where notice could have been given
3  to the adverse party.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).
4  Furthermore, it is this Court's practice to hear motions for temporary restraining orders *ex parte*
5  only "in extraordinary circumstances."  *Anello Civil Chamber Rule No. II*.

6  In addition, Plaintiff does not address the likelihood that he will succeed on his claims
7  against Defendant.  Based on a cursory review of the allegations in the operative complaint, the
8  Court is not persuaded Plaintiff is *likely* to prevail.  For example, Plaintiff alleges he received a
9  "bad deal" on his mortgage due to a combination of "bad information" and "aggressive bank
10  closers."  These general allegations do not demonstrate a likelihood of success on the merits.
11  Similarly, Plaintiff's allegation that he would like to refinance his loan under the "Federal Home
12  Affordable Refinance Program" provides no indication whether his loan qualifies for the program.
13  Accordingly, because Plaintiff has failed to show he is likely to succeed on the merits, a TRO is
14  not warranted.  *See Gerth v. Am. Mortg. Express Fin.*, 2009 U.S. Dist. LEXIS 103651 (S.D. Cal.
15  Nov. 6, 2009).

16  Although the loss of one's home may constitute irreparable harm, in the absence of a
17  likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO.  *See*
18  *Eshraghi v. Cal. Bank & Trust Corp.*, 2011 U.S. Dist. LEXIS 121141 (E.D. Cal. Oct. 18, 2011).
19  Here, Defendant foreclosed upon Plaintiff's property and now seeks to evict him.  While the Court
20  is sympathetic to Plaintiff's circumstances, the pending motion for a TRO does not establish that
21  Plaintiff is entitled to injunctive relief.

## CONCLUSION

23  For the reasons set forth above, the Court **DENIES** Plaintiff's motion for a TRO.

24  **IT IS SO ORDERED**.

25  DATED: January 4, 2012

Hon.  Michael M.  Anello
United States District Judge