# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Jones,<br><br>                    Plaintiff,<br>  vs.<br><br>H.S.B.C.,<br><br>                    Defendant. | CASE NO. 11-cv-02939-CAB (NLS)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE<br>[Doc. Nos. 10 and 19] |

Upon consideration of Defendant HSBC Mortgage Corporation's motion to dismiss pro se Plaintiff Charles Jones' complaint (Doc. No. 10), Defendant's supplemental briefing (Doc. No. 15), and Plaintiff's response in opposition to the motion to dismiss (Doc. No. 17), and for the reasons stated at the April 13, 2012 hearing, the motion to dismiss is hereby GRANTED as the complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8.

## PROCEDURAL HISTORY

On December 19, 2011, Plaintiff Charles Jones, proceeding pro se, filed the instant action against Defendant H.S.B.C. (Doc. No. 1) regarding property located at 3427 Herbert Street, San Diego, CA 92103. Plaintiff did not pay the required filing fee, but instead submitted a motion to proceed in forma pauperis ("IFP"). (Doc. No. 2.) Plaintiff also filed a motion to appoint counsel. (Doc. No. 3.) On December 20, 2011, the Court denied Plaintiff's motion to proceed IFP and denied his motion to appoint counsel as moot. (Doc. No. 3.) On January 3, 2012, Plaintiff paid

the $350 filing fee (Doc. No. 5) and filed an ex parte motion for a temporary restraining order ("TRO") seeking to enjoin Defendant from evicting him from the property. (Doc. No. 6.) On January 4, 2012, the Court denied the motion for a TRO. (Doc. No. 8.) Then on January 19, 2012, Defendant filed the pending motion to dismiss. (Doc. No. 10.)

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*

In evaluating whether the complaint states a plausible claim for relief, the Court must consider

the allegations of the complaint as a whole. *Twombly*, 550 U.S. at 569 n.14 ("[T]he complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.") The Court's review of the complaint requires context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658.

### DISCUSSION

Here, the complaint is dismissed pursuant to Federal Rule of Civil Procedure 8 as Plaintiff fails to plead a coherent set of facts for the Court to find that his claims are plausible on their face. Plaintiff fails to set forth which laws he believes Defendant violated and why. Read generously and viewed collectively, Plaintiff's allegations are merely legal conclusions devoid of any factual support – pleading that the trustee sale of his property was "illegal" and "fraudulently obtained," that the foreclosure involved "mishandling" and was "wrongful," that some unnamed "Movant" is "not real party in interest" and made "assignments (all) made contrary to law," and that the Trustee's Deed was "faulty." Plaintiff does not allege, for example, whether, when, how or to whom he attempted to tender payment or otherwise set aside the "illegal trustee sale." Similarly, to the extent Plaintiff is pleading that HSBC or some other entity was not authorized to foreclose, then he failed set forth facts explaining why HSBC or some other entity lacked the authority to foreclose.[1] In sum, Plaintiff's allegations do not rise above, as they must, "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

---

[1] Defendant asserts that Mona Lisa Jones is a co-borrower of the subject loan, and as such, is an indispensable party to this action. Plaintiff should consider whether this assertion is true in amending his complaint.

## CONCLUSION

For the reasons set forth above, and the reasons stated at the April 13, 2012 hearing, Defendant's motion to dismiss (Doc. No. 10) is GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE to refiling a well pled amended complaint on or before **May 16, 2012**. Failure to file a well pled complaint may result in dismissal with prejudice. Finally, Plaintiff's motion seeking an extension of time to file a response to Defendant's motion to dismiss (Doc. No. 19) is DENIED AS MOOT.

DATED: April 13, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge